UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RODGER ORLIN EVANS, | Case No. 3:19-cv-00373-MMD-CBC |
| Petitioner, | ORDER |
| v. | |
| NEVADA, STATE OF, | |
| Respondent. | |

The Court notes at the outset that no courtesy copies—except as specified at the conclusion of this order—are required in this case at this time.

Pursuant to this Court's order, Petitioner Rodger Orlin Evans has submitted an amended 28 U.S.C. § 2254 habeas corpus petition (ECF No. 5). The Court has reviewed the amended petition pursuant to Habeas Rule 4, and it will be served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. See 28 U.S.C. §2254(b) (successive petitions). If Petitioner is aware of any claim not included in his Petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his Petition to add the claim.

It is therefore ordered that Respondents file a response to the amended petition, including potentially by motion to dismiss, within 90 days of service of the Petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words,

the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, procedural defenses, including exhaustion, must not be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner will have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that, at this time, the parties must send courtesy copies of any responsive pleading or motion and all indices of exhibits only to the Reno Division of this Court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV 89501 and directed to the attention of "Staff Attorney" on the outside of the mailing
///

address label. No further courtesy copies are required unless and until requested by the Court.

DATED THIS 21st day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE