UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RODGER ORLIN EVANS,

    Petitioner,

v.

GEORGE TOGLIATTI, *et al.*,

    Respondents.

Case No. 3:19-cv-00373-MMD-CLB

ORDER

**I.    SUMMARY**

This habeas matter filed under 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss Petitioner Rodger Orlin Evans' *pro se* habeas petition as untimely. (ECF No. 10.) Petitioner opposed (ECF No. 14), and Respondents replied. (ECF No. 15.) Because it was filed after the statute of limitations had expired, this petition is dismissed as untimely.

**II.    BACKGROUND**

A jury found Petitioner guilty of exploitation of an elderly victim involving over $5,000. (Exh. 51.)[1] The state district court sentenced Petitioner to a term of 38 to 180 months, and to restitution in the amount of $56,000. (Exh. 59.) The court entered judgment of conviction on November 3, 2015. (*Id.*)

The Nevada Court of Appeals affirmed Petitioner's conviction on June 20, 2016. (Exh. 80.) On October 25, 2018, the court affirmed the denial of his state postconviction habeas corpus petition, and remittitur issued on November 19, 2018. (Exhs. 94, 96.)

///

---

[1] Exhibits referenced in this order are exhibits accompanying Respondents' motion to dismiss (ECF No. 10) and are found at ECF Nos. 11, 12.

Petitioner mailed his federal habeas petition on July 1, 2019. (ECF No. 4.) The Court dismissed the petition with leave to amend because, while Petitioner used the Court's form petition, it was unclear what grounds he wished to raise. (ECF No. 3.) Petitioner filed an amended petition on September 4, 2019. (ECF No. 5.) Respondents have moved to dismiss the amended petition as time-barred. (ECF No. 10.)

### III. DISCUSSION

#### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") went into effect on April 24, 1996 and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. *See* 28 U.S.C. § 2244(d)(2).

Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

#### B. Timeliness

As mentioned, Petitioner's judgment of conviction was filed on November 3, 2015. (Exh. 59.) The Nevada Court of Appeals affirmed his conviction on June 20, 2016. (Exh. 80.) The 90-day period to file a petition with the United States Supreme Court expired on September 18, 2016. Therefore, the AEDPA one-year period of limitations began to run on September 19, 2016, and, absent tolling, would have expired on September 19, 2017. *See* 28 U.S.C. § 2244(d)(1)(A).

///
///
///

Petitioner filed his state habeas petition—247 days into the AEDPA one-year period of limitations—on May 24, 2017.[2] (Exh. 83.) The Nevada Court of Appeals affirmed the denial of his petition, and remittitur issued on November 19, 2018. The AEDPA statute of limitations resumed running on November 20, 2018 and ended 118 days later, on March 18, 2019.[3] *See* 28 U.S.C. § 2244(d)(2). Petitioner then filed his federal petition on July 1, 2019, about three and a half months after the limitations period expired. (ECF No. 4.) The Court dismissed Petitioner's first filing with leave to file an amended petition, which Petitioner filed on September 4, 2019. (ECF No. 5)[4] Petitioner's federal habeas action is therefore untimely.

Accordingly, Respondents' motion to dismiss Petitioner's federal habeas corpus petition, with prejudice, as time-barred, is granted.

## C. Certificate of Appealability

Because this is a final order adverse to Petitioner, Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("Certificate"). Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a Certificate. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Under 28 U.S.C. § 2253(c)(2), a Certificate may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." For claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For

---

[2]Respondents incorrectly calculated that 337 days had passed before Petitioner filed his state habeas petition. (ECF No. 10 at 5.)

[3]Again, continuing from the initial miscalculation, Respondents incorrectly state that the federal statute of limitations expired on December 17, 2018. (ECF No. 10 at 6.)

[4]Because the Court dismissed Petitioner's original petition because it was unclear what claims he wished to bring, he did not have a properly filed petition before the Court as of July 1, 2019. Regardless, the statute of limitations had already expired at the time he filed.

procedural rulings, a Certificate will issue only if reasonable jurists could debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court's procedural ruling was correct. *See id.*

After reviewing its determinations and rulings in dismissing Petitioner's petition, the Court finds that none of its rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability.

**IV.   CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss the petition (ECF No. 10) is granted as set forth in this order. The petition is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 5th Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE